# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George W. Lindberg | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 2379 | **DATE** | 3/23/2004 |
| **CASE TITLE** | United States of America vs. Flora A. Braziel | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
     ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   Defendant's motion to vacate, set aside, and correct sentence is denied. Enter memorandum opinion and order.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | **Document Number** |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | MAR 2 4 2004 | |
| ✓ | Docketing to mail notices. | date docketed | |
| | Mail AO 450 form. | | |
| | Copy to judge/magistrate judge. | docketing deputy initials | |
| SLB | courtroom deputy's initials | date mailed notice | |
| | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 03 C 2379 |
| v. ) | |
| ) | Judge George W. Lindberg |
| FLORA A. BRAZIEL, ) | |
| ) | |
| Defendant. ) | |

MAR 2 4 2004

## MEMORANDUM OPINION AND ORDER

Defendant Flora A. Braziel pled guilty to mail fraud, and was sentenced to 96 months in prison. Braziel's appeal of her sentence was dismissed on January 14, 2004. Braziel has filed this motion to vacate, set aside, and correct sentence pursuant to 28 U.S.C. § 2255. For the reasons stated below, the motion is denied.

As a preliminary matter, the court considers Braziel's request, made in an affidavit attached to Braziel's Section 2255 motion, that another judge review the motion due to this court's bias. The court construes Braziel's request as a motion for recusal under 28 U.S.C. § 144. Section 144 provides:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

When a judge receives a motion under Section 144, the judge must evaluate the legal sufficiency of the affidavit, but not the truth or falsity of the allegations contained in it. See United States v. Barnes, 909 F.2d 1059, 1071 (7th Cir. 1990). The affidavit must "state the facts and the reasons for the belief that bias or prejudice exists...." 28 U.S.C. § 144. Only factual statements that are

"sufficiently definite and particular to convince a reasonable person that bias exists" need be credited. United States v. Sykes, 7 F.3d 1331, 1339 (7th Cir. 1993).

Braziel asserts two grounds for disqualification in her affidavit. First, she asserts that this court is biased against her because in January 2002, the court barred Braziel's counsel from filing untimely pretrial motions. Second, Braziel asserts that this court denied her motion to withdraw her guilty plea on October 30, 2002 without first providing her an evidentiary hearing. These grounds for disqualification are based on Braziel's disagreement with the court's rulings, and do not identify any grounds for any sort of personal bias against her. Judicial rulings alone almost never constitute a valid basis for disqualifying a judge; such rulings "are proper grounds for appeal, not for recusal." Liteky v. United States, 510 U.S. 540, 555 (1994). The court finds that Braziel's motion for recusal is insufficient under Section 144, and denies it.

The court now turns to Braziel's Section 2255 motion. On May 31, 2001, plaintiff was charged with eight counts of mail fraud. The indictment alleged that Braziel had fraudulently obtained unemployment insurance benefits from the Illinois Department of Employment Security by posing as fictitious claimants and making false claims. On February 13, 2002, Braziel pled guilty to one count of mail fraud. On May 30, 2002, before Braziel had been sentenced, she was charged with committing additional acts of mail fraud during the time since her guilty plea. On September 4, 2002, Braziel pled guilty to committing mail fraud on March 21, 2002. On March 12, 2003, this court sentenced Braziel to a 96-month prison term.

Braziel raises three grounds in her Section 2255 petition. First, Braziel claims that the attorney that represented her when she entered her guilty plea provided ineffective assistance of counsel by failing to investigate, failing to summon witnesses, failing to provide the government

2

with Braziel's proffer, and failing to timely file pretrial motions. Second, Braziel claims that the government conducted an unconstitutional search and seizure when it arrested her in 1997[1] and took handwriting and fingerprint exemplars, as well as by unconstitutionally denying her the right to counsel while the exemplars were being taken. Finally, Braziel claims that the government violated her Fourth, Fifth, and Sixth Amendment rights by arresting her in 1997, 2001, and 2002, and by not holding a hearing prior to the 2002 arrest. Braziel acknowledges that she did not raise the second and third grounds before this court, but contends that she would have done so in a pretrial motion if this court had not barred her from filing pretrial motions.

The government first argues that Braziel waived her right to bring this collateral attack in her plea agreements. A knowing and voluntary waiver of a collateral attack under Section 2255 is valid and enforceable. Mason v. United States, 211 F.3d 1065, 1069 (7th Cir. 2000). Both the February 13 and September 4, 2002 plea agreements contained the following language:

> Except as set forth below, defendant also waives her right to challenge his [sic] sentence or the manner in which it was determined in any collateral attack, including but not limited to a motion brought under Title 28, United States Code, Section 2255. The waiver in this paragraph does not apply to a claim of involuntariness, or ineffective assistance of counsel, which relates directly to this waiver or to its negotiation.

Since the waiver provisions in the plea agreements only bar collateral attacks on her sentence, they do not bar this collateral attack, which challenges her conviction. See Bridgeman v. United States, 229 F.3d 589, 591-92 (7th Cir. 2000) (the express language of the waiver determines scope of waiver).

---

[1] In her Section 2255 petition, Braziel states that this arrest occurred in 1996. However, according to the government, this arrest actually took place in 1997, and in subsequent filings Braziel refers to the arrest as occurring in 1997.

3

The government also argues that Braziel forfeited her right to present these issues now, by failing to raise them before she was sentenced. On September 18, 2002, shortly after Braziel entered her second guilty plea, Braziel's attorney was granted leave to withdraw. Braziel's new counsel filed a motion to withdraw Braziel's second guilty plea on October 2, 2002. That motion asserted that the guilty plea had not been knowing and voluntary because Braziel did not understand that her sentences could run consecutive to each other. Braziel further claimed in that motion that she was innocent of the charges contained in the superceding indictment. The motion did not raise the issues raised in her Section 2255 petition.

In Hugi v. United States, 164 F.3d 378 (7th Cir. 1999), the Seventh Circuit considered whether a criminal defendant had forfeited his right to raise the issue of ineffective assistance of counsel in a Section 2255 proceeding by failing to raise it before the trial court after the allegedly ineffective counsel had been replaced. The attorney that had represented the defendant during the guilty plea was replaced by another attorney nearly nine months before the defendant was sentenced. Id. at 380. In the subsequent Section 2255 collateral attack, the defendant argued that his first attorney had provided ineffective assistance of counsel by failing to raise certain affirmative defenses. Id. The district court held that the defendant had forfeited that claim by failing to present it between the time he had obtained new counsel and sentencing. Id. The Seventh Circuit affirmed, noting that "[a] guilty plea is not a road-show tryout before the 'real' contest occurs in the § 2255 proceedings." Id. at 382.

As did the defendant in Hugi, here Braziel had a lengthy period of time after obtaining new counsel and before sentencing in which she could have moved to withdraw her guilty plea on the bases she raises in this proceeding. Although Braziel had nearly six months between the

4

time she received new counsel and her March 12, 2003 sentencing, she did not move to withdraw her guilty plea on the basis that her first attorney had provided ineffective assistance of counsel by failing to investigate, failing to summon witnesses, failing to provide the government with Braziel's proffer, and failing to timely file pretrial motions. Nor did she move to vacate her guilty plea on the other bases raised here. Since Braziel could have raised these issues prior to sentencing and did not do so, she has waived them.

A Section 2255 petition may be dismissed summarily if "the record conclusively demonstrates that the petitioner is not entitled to relief." Barker v. United States, 7 F.3d 629, 633 n.3 (7th Cir. 1993). Under the record made in this case, no evidentiary hearing is necessary to determine that defendant is not entitled to relief. Accordingly, the court denies defendant's motion to vacate, set aside, and correct sentence.

**ORDERED:** Defendant's motion to vacate, set aside, and correct sentence is denied.

ENTER:

*[signature: George W. Lindberg]*

MAR 23 2004

George W. Lindberg
Senior United States District Judge

DATED: _____

5